CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SONIA J. BROWN, | ) |
| | ) Civil Action No. 7:05CV00487 |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| CARILION HEALTH SYSTEM, et al., | ) |
| | ) By: Samuel G. Wilson |
| Defendants. | ) United States District Judge |

Plaintiff Sonia J. Brown brings this suit pro se under the Americans with Disabilities Act (ADA), 42 U.S.C.A. § 12101 et seq. Brown appears to claim that her hepatitis C infection has rendered her disabled under the ADA, that her employer, Carilion Health System (Carilion), regarded her as disabled due to her hepatitis C, that Carilion terminated her because of her illness, and that Carilion retaliated against her for engaging in activities protected by the ADA. Brown seeks $1.5 M in damages. The matter is before the court on the defendants' motion to dismiss. Brown has named individual Carilion employees as defendants, but the court finds that the individuals are not proper defendants under the ADA and dismisses the claims against them. The court further finds that Brown has stated a disparate treatment claim but that her factual allegations are insufficient to establish a claim of retaliation. Accordingly, the court denies Carilion's motion to dismiss as to Brown's claim of disparate treatment but grants the motion as to Brown's claim of retaliation.

I.

Brown worked as a phlebotomist for Carilion Consolidated Labs (CCL), a department of Carilion. Brown claims that, during the course of her employment with Carilion, she contracted hepatitis C due to contact with an infected needle. On July 12, 2004, Carilion terminated

Brown's employment, and Brown claims that statements made by her supervisors at the time led her to believe that they were terminating her due to her illness. For example, Brown claims that one supervisors said, "We consider you a liability to the company." Carilion claimed and continues to claim that they terminated Brown because she wrongfully accessed a patient's medical records for reasons not related to her work. Brown filed a charge of discrimination with the EEOC on July 28, 2004, and the EEOC investigated and issued a right-to-sue notice. Brown then filed the current suit, seeking $1.5 M and naming as defendants Carilion, CCL, and four of her former coworkers, Judy Snipes, Randy Vandevander, Mark Murphy, and Raymond Dubose.[1]

## II.

"The ADA does not permit an action against individual defendants"; rather, it allows for suits against employers. Baird v. Rose, 192 F.3d 462, 471-2 (4th Cir. 1999). Therefore, the court dismisses Brown's claims against Snipes, Vandevander, Murphy, and Dubose.

## III.

Construing Brown's pleadings liberally and in her favor, as the court must at this juncture, the court finds that Brown's allegations are at least sufficient to make out a claim that Carilion regarded her as disabled and terminated her because of her illness. Therefore, defendants' motion to dismiss Brown's claim of disparate treatment is denied.

## IV.

A plaintiff claiming retaliation in violation of the ADA must allege that she engaged in a

---

[1] The court conducted a hearing on the defendants' motion to dismiss on October 6, 2005, at which time the court granted Brown's motion to amend her complaint, gave defendants one week to respond to the amended complaint, and, in turn, gave Brown one week to reply. The parties agreed to adjudication of the motion on this course of pleadings without an additional hearing.

2

protected activity, that her employer subjected her to an adverse employment action, and that there was a causal connection between the protected activity and the employment action. See Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998). Brown has not alleged that she engaged in any protected activity before her termination; rather, the only protected activity she cites is her filing a charge with the EEOC, which occurred over two weeks after her termination. It would be nonsensical to construe Brown's complaint as alleging that Carilion terminated her due to her engagement in a protected activity she did not even initiate until two weeks after her termination. Thus, the court finds that Brown has failed to state a claim for retaliation and dismisses that portion of her complaint.

V.

For the reasons stated herein, the court grants defendants' motion to dismiss in part and denies it in part.

ENTER: This 3rd day of November, 2005.

UNITED STATES DISTRICT JUDGE

3